IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-40-D
No. 5:17-CV-22-D

| | |
|---|---|
| ANDREW WAYNE LANDELLS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On January 13, 2017, Andrew Wayne Landells ("Landells") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 180-month sentence [D.E. 88]. On May 1, 2017, the government moved to dismiss Landells's section 2255 motion [D.E. 92] and filed a memorandum in support [D.E. 93]. On May 22, 2017, Landells responded in opposition to the government's motion [D.E. 95]. As explained below, the court grants the government's motion to dismiss and dismisses Landells's section 2255 motion.

I.

On September 30, 2013, pursuant to a plea agreement, Landells pleaded guilty to conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h). See [D.E. 34, 35]. On November 18, 2014, at Landells's sentencing hearing, the court calculated Landells's total offense level to be 37, his criminal history category to be II, and his advisory guideline range to be 235 to 240 months' imprisonment. See Sentencing Tr. [D.E. 80] 24–25. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Landells to 180 months' imprisonment. See Sentencing Tr. at 25–48.

Landells appealed. On October 9, 2015, the United States Court of Appeals for the Fourth Circuit enforced the appellate waiver in Landells's plea agreement, affirmed Landells's conviction, and dismissed Landells's appeal concerning his sentence. See United States v. Landells, 628 F. App'x 177, 177–78 (4th Cir. 2015) (per curiam) (unpublished).

On January 13, 2017, Landells filed his section 2255 motion [D.E. 88]. In his motion, Landells alleges ineffective assistance of counsel for failing to argue that the firearm enhancement did not apply under U.S.S.G. § 2D1.1(b)(1) and failing to argue that the enhancements under U.S.S.G. § 2S1.1(b)(3) and § 3B1.1(a) were unconstitutionally vague under Johnson v. United States, 135 S. Ct. 2551 (2015). See [D.E. 88-1] 2–9.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a claim's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 320 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). The government may challenge the legal sufficiency of a section 2255 petition through a motion to dismiss under Rule 12(b)(6). See Rule 12, Rules Governing Section 2255 Proceedings; United States v. Frady, 456 U.S. 152, 166–68 n.15 (1982); United States v. Reckmeyer, 900 F.2d 257, at *4 (4th Cir. 1990) (unpublished table decision). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc.

2

v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

As for Landells's ineffective-assistance claims, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Missouri v. Frye, 566 U.S. 133, 140 (2012); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Landells must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A

3

party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695. When analyzing an ineffectiveness claim, a court may rule based on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

As for Landells's ineffective-assistance claims concerning sections 2D1.1(b)(1), 2S1.1(b)(3), and 3B1.1(a), Landells cannot use section 2255 to attack retroactively his advisory guideline range. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); see also Whiteside v. United States, 775 F.3d 180, 183–87 (4th Cir. 2014) (en banc); United States v. Mikalajunas, 186 F.3d 490, 495–96 (4th Cir. 1999). Thus, the claims fail.

Alternatively, the claim concerning section 2D1.1(b)(1) fails because the court properly applied the enhancement under section 2D1.1(b)(1). See Presentence Investigation Report [D.E. 59] ¶¶ 1–27, 58; Sentencing Tr. at 18–24; see also United States v. Mondragon, No. 16-4139, 2017 WL 2661599, at *2–4 (4th Cir. June 21, 2017); United States v. Slade, 631 F.3d 185, 188–89 (4th Cir. 2011); United States v. Manigan, 592 F.3d 621, 628–32 (4th Cir. 2010); United State v. Harris, 128 F.3d 850, 852–53 (4th Cir. 1997). Accordingly, there was no deficient performance or prejudice. See, e.g., Bobby, 558 U.S. at 11–12; Strickland, 466 U.S. at 689–700.

Finally, if counsel had challenged U.S.S.G. § 2S1.1(b)(3) and § 3B1.1(a) as unconstitutionally vague, the argument would have failed. See, e.g., Beckles v. United States, 137 S. Ct. 886, 895–07 (2017); United States v. Mack, 855 F.3d 581, 584–85 (4th Cir. 2017); United States v. Lee, 855 F.3d 244, 246–47 (4th Cir. 2017). Thus, there was no deficient performance or

4

prejudice. See, e.g., Bobby, 558 U.S. at 11–12; Strickland, 466 U.S. at 689–700.

After reviewing the claims presented in Landells's motion, the court finds that reasonable jurists would not find the court's treatment of Landells's claims debatable or wrong and that the claims deserve no encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 92], DISMISSES Landells's section 2255 motion [D.E. 88], DENIES Landells's motion for a hearing [D.E. 95], and DENIES a certificate of appealability.

SO ORDERED. This 23 day of June 2017.

JAMES C. DEVER III
Chief United States District Judge