IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-40-D

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| ANDREW WAYNE LANDELLS, | ) |
| | ) |
| Defendant. | ) |

On September 21, 2020, Andrew Wayne Landells ("Landells" or "defendant") moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) and filed a memorandum and records in support [D.E. 111, 114, 116]. As explained below, the court denies Landells's motion.

I.

On September 30, 2013, pursuant to a written plea agreement, Landells pleaded guilty to conspiracy to launder monetary instruments. See [D.E. 33, 34, 35, 83]. On November 18, 2014, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 66, 71, 72, 80]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Landells's total offense level to be 37, his criminal history category to be II, and his advisory guideline range to be 235 to 240 months' imprisonment. See [D.E. 72] 1; [D.E. 80] 6–25. After granting the government's downward departure motion and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Landells to 180 months' imprisonment. See [D.E. 71] 2; [D.E. 80] 42–48. On November 24, 2014, Landells appealed [D.E. 70]. On October

9, 2015, the United States Court of Appeals for the Fourth Circuit enforced the appellate waiver in Landells's plea agreement, affirmed Landells's conviction, and dismissed Landells's appeal concerning his sentence. See United States v. Landells, 628 F. App'x 177, 177–78 (4th Cir. 2015) (per curiam) (unpublished).

On January 13, 2017, Landells moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. See [D.E. 88]. On June 23, 2017, the court dismissed the motion and denied a certificate of appealability. See [D.E. 96]. On May 24, 2019, Landells moved to reopen the section 2255 proceedings. See [D.E. 100]. On June 20, 2019, the court denied the motion to reopen. See [D.E. 102]. On August 30, 2019, Landells appealed [D.E. 103]. On February 24, 2020, the Fourth Circuit denied a certificate of appealability and dismissed the appeal. See United States v. Landells, 794 F. App'x 345, 346 (4th Cir. 2020) (per curiam) (unpublished) [D.E. 108]; [D.E. 109].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and

2

must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. §

---

        that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

Case 5:13-cr-00040-D   Document 118   Filed 01/19/21   Page 4 of 8

3582(c)(1)(A). See, e.g., United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See id. at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id. at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

As for Landells's request for compassionate release, Landells contends that he has exhausted his administrative requirements. See [D.E. 116] 4–5 On June 30, 2020, Landells submitted a request for compassionate release to the BOP. See [D.E. 116-1] 1. On July 23, 2020, the Warden denied Landells's request. See id. at 6. On August 9, 2020, Landells appealed the denial. See id. at 7–8. Over thirty days elapsed between the Warden's denial and Landells's motion, and Landell alleges that as of September 30, 2020, the BOP has not responded to his appeal. See [D.E. 116-2]. Moreover, the government has not invoked section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Landells's claim on the merits.

Landells seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

5

request, Landells cites the COVID-19 pandemic and his health conditions, including asthma, hypertension, hyperlipidemia, and sleep apnea. See [D.E. 111]; [D.E. 114]; [D.E. 116] 10–13. Landells also cites the conditions at FCI Edgefield, his rehabilitation efforts, his release plan, and that he has served over 50% of his sentence. See [D.E. 116] 8–10, 15–16.

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). While Landells states that he suffers from asthma, hypertension, hyperlipidemia, and sleep apnea, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Landells serves his sentence. Accordingly, reducing Landells's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Landells's health conditions, rehabilitation efforts, and release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Landells's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Landells is 53 years old and engaged in very serious criminal behavior between 2002 and April 2012. See PSR [D.E. 59] ¶¶ 7–27. Landells trafficked marijuana throughout New York, Florida, Virginia, Arizona, and North Carolina. See id. at ¶ 8. Landells then used the proceeds to

6

purchase luxury vehicles and residences, and used numerous residences and storage units in North Carolina and Florida to store drugs. See id. Landells also operated sham candle manufacturing companies and used numerous aliases, dates of birth, Social Security numbers, driver's licenses, and passports to avoid detection. See id. at ¶¶ 9–10. Moreover, Landells was a fugitive from 1999 until 2012 after escaping a hospital while detained by the Immigration and Naturalization Service ("INS") for false use of a passport. See id. at ¶ 31. In 1988, Landells absconded during his trial for a shooting that killed two and injured thirteen at a skating rink in New York. See id. at ¶ 34. Furthermore, in May 2020, Landells received two citations in prison for possessing an unauthorized electronic device and getting into a fistfight. See [D.E. 116] 15–16; [D.E. 116-2] 3–6; [D.E. 116-4]. Nonetheless, Landells has taken some positive steps while incarcerated. See [D.E. 116] 15; [D.E. 116-3]; [D.E. 116-5]. The court also has considered Landells's potential exposure to COVID-19, his health conditions, his rehabilitation efforts, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and treat Landells, the section 3553(a) factors, Landells's arguments, Landells's misconduct in prison, and the need to punish Landells for his criminal behavior, to incapacitate Landells, to promote respect for the law, to deter others, and to protect society, the court declines to grant Landells's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

As for Landells's request for home confinement, Landells apparently seeks relief under the CARES Act. See [D.E. 116] 16, 19. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely

7

with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). As such, the court dismisses Landells's request for home confinement.

II.

In sum, the court DENIES Landells's motion for compassionate release [D.E. 111], and DISMISSES Landells's request for home confinement.

SO ORDERED. This 19 day of January 2021.

JAMES C. DEVER III
United States District Judge

8

Case 5:13-cr-00040-D   Document 118   Filed 01/19/21   Page 8 of 8